IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
ROSALIND BERMAN                                  :    3:04 CV 756 (JBA)
:
v.                                               :
:
JK HARRIS FINANCIAL RECOVERY         :    DATE: JUNE 23, 2005
SYSTEMS, LLC                                     :
---------------------------------------------------------------x

RULING ON DEFENDANT'S SECOND MOTION FOR ORDER COMPELLING
DISCOVERY

Familiarity is presumed with this Magistrate Judge's Ruling on Pending Motions, filed January 28, 2005 (Dkt. #30)["January 2005 Ruling"], Ruling on Plaintiff's Motion to Compel, filed February 24, 2005 (Dkt. #34), and Ruling on Plaintiff's Motion for Leave to File Additional Interrogatories Nunc Pro Tunc and to Modify Scheduling Order, filed March 4, 2005 (Dkt. #39), which set forth the factual and procedural history behind this litigation. The file was referred to this Magistrate Judge for all discovery on December 15, 2004. (Dkt. #19). Under the Second Amended Complaint, filed January 13, 2005 (Dkt. #24), the sole count is a purported class action brought under the Connecticut Unfair Trade Practices Act ["CUTPA"], CONN. GEN. STAT. § 42a-110 et seq. As ordered by the January 2005 Ruling, all discovery was to be completed by April 15, 2005. (At 5).[1]

On April 14, 2005, defendant filed the pending Second Motion for Order Compelling Discovery and brief in support (Dkts. ##49-50),[2] to which plaintiff filed her brief in opposition

---

[1] Three motions presently are pending before Judge Arterton: (1) plaintiff's Motion for Leave to File an Amendment to Complaint, filed March 7, 2005 (Dkt. #40); (2) plaintiff's Motion for More Definite Statement as to Defendant's Answer and Affirmative Defenses, filed March 11, 2005 (Dkt. #42); and (3) plaintiff's Motion for Class Certification, filed March 31, 2005 (Dkt. #44). See also Dkts. ##43, 45, 46-47, 48, 52 & 54.

[2] The following five exhibits are attached to defendant's brief: affidavit of defense counsel, dated April 13, 2005 (Exh. A); copy of Plaintiff's Objection to Defendant's Second Set of Requests for Production Propounded to Plaintiff, dated January 17, 2005 (Exh. B); copy of correspondence between counsel, dated January 20, 2005 (Exh. C); excerpts from deposition transcript of plaintiff,

eight days later.  (Dkt. #53).

The sole issue in this motion is defendant's Request for Production No. 2, which seeks production of "any and all retainer agreements or other contracts between [plaintiff] and Attorney Jonathan J. Einhorn pursuant to which Attorney Einhorn provided legal services to you at any time [f]rom January 1, 1995 to the present date."  (Dkt. #50, Exh. B). Plaintiff objected on the basis of attorney-client privilege.  (Id.).  At her deposition, taken on December 21, 2004, plaintiff testified that she did not remember whether she signed a written retainer document.  (Dkt. #50, Exh. D, at 27-28).  Plaintiff testified that she had not received any bills from Attorney Einhorn yet and did not have an understanding as to how he would be compensated.  (Id., Exh. D. at 28-29).   She also was "not aware" of the fact that if she lost this claim, she could be responsible for at least some share of defendant's costs in this lawsuit.  (Id., Exh. D, at 27).

In its brief, defendant argues that the retainer agreement is relevant because: (1) "it goes directly to the heart of whether Berman is an adequate class representative and whether Attorney Einhorn is adequate class counsel" under FED. R. CIV. P. 23; and (2) "information regarding Attorney Einhorn's engagement to represent Berman in other matters bears upon" plaintiff's claim for emotional distress.  (Dkt. #50, at 4).  In addition, defendant argues that in the absence of special circumstances, it is well-established that retainer agreements are not privileged.  (Id. at 5).

On March 31, 2005, plaintiff filed a copy of her retainer agreement under seal (Dkt. #47), filed in connection with her pending Motion for Class Certification.[3]

In Ferraro v. General Motors Corp., 105 F.R.D. 429, 431-34 (D.N.J.1984), a United

---

taken on December 21, 2004 (Exh. D); and copy of case law (Exh. E).

[3]See note 1 supra.

2

States Magistrate Judge held that in considerations of class certification under Rule 23, "where the fee agreement to advance costs of litigation has been paraphrased by plaintiff's counsel and cited in the court as a major reason why further inquiry into plaintiff's personal financial situation is irrelevant, the fee agreement is discoverable in its entirety." Id. at 434. The Ferraro decision was cited extensively in Marr v. WMX Techs., Inc., CV 96 0071542, 1996 WL 694634 (Conn. Super. Ct. Nov. 25, 1996), aff'd on other grounds, 244 Conn. 676 (1998), a purported class action brought under CUTPA. The Superior Court Judge in Marr agreed with Ferraro that there should be "limited probing on the issue of financial ability" of the class representative, and in light of "a representation in court by plaintiffs' counsel that costs would be advanced by the [law] firm," the Superior Court "directs plaintiffs' counsel to furnish a copy of the fee agreement to the defendants." 1996 WL 694634, at *6. As the Superior Court recognized, "the issue of adequacy [of class representative] in this case focuses on the agreement of counsel to advance fees and the willingness of class representatives to be liable for repayment." Id. (citation omitted). In Marr, counsel represented a willingness to advance fees and the representatives testified that they would be willing to pay their proportional share of costs; based on these representations and "subject [to] plaintiffs' counsel providing a copy of the fee agreement to defendants' counsel," the Superior Court found that the class representatives would adequately represent the class "even on a financial level." Id.

The fee agreement, filed under seal (Dkt. #47), executed after plaintiff's deposition, addresses the obligations of plaintiff's counsel regarding the advancement of costs and litigation expenses. Unlike Marr, however, presently there is nothing in the record about plaintiff's willingness to pay her proportional share of costs. Thus, the facts are even stronger than in Marr, where plaintiff's counsel was ordered to provide a copy of the fee

3

agreement to defense counsel.

Accordingly, defendants' Second Motion for Order Compelling Discovery and brief in support (Dkt. #49) is <u>granted</u>, and plaintiff's counsel shall comply **on or before July 5, 2005**.[4]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[5]

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 23rd day of June, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[4] In light of this conclusion, there is no need to address the other issues raised in the briefs.

[5] If either counsel believes that a continued settlement conference before this Magistrate Judge (<u>see</u> Dkts. ##51 & 55) would be productive, he should contact Chambers accordingly.